**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP.**
Carlos D. Martinez, Esq.
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Email: cmartinez@scura.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Sparks Electric, LLC<br><br>     Debtor. | Case No. 22-19058 (JKS)<br><br>Chapter 11<br><br>Hon. Judge: John K. Sherwood<br><br>Hearing Date and Time:<br>3/21/2023 at 10:00 a.m. |

**DECLARATION OF MANUEL BOTERO IN SUPPORT OF CONFIRMATION OF THE SUBCHAPTER V PLAN OF REORGANIZATION**

   I, Manuel Botero, declare, in accordance with 11 U.S.C. §1129(a) and §1191(b) under penalties of perjury as follows:

1.  I am the managing member of Sparks Electric, LLC (the "Debtor"), the debtor in the above-captioned Chapter 11 bankruptcy proceeding. I submit this declaration is support of confirmation of the Debtor's Subchapter V Plan of Reorganization dated February 9, 2023 (Docket Entry No. 31).

2.  Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge, my review of relevant documents, or my opinion based up my experience and knowledge of my personal business affairs and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth in this declaration.

3.  On February 10, 2023, the Debtor filed a Subchapter V Plan of Reorganization (the "Plan") (Docket Entry No. 31).

4.  As set forth in the Certificate of Service filed on February 20, 2023 (Docket Entry No. 37) the Plan, the Order Scheduling the Confirmation Hearing, and the Ballots accepting or rejecting the Plan were mailed to all creditors and parties in interest set forth in the Certificate of Service.

5.  <u>Plan Compliance with 11 U.S.C. §§1129(a).</u> As set forth more fully below, the Plan complies with all applicable provisions of the Bankruptcy Code with the exception of §1129(a)(8). Therefore, the Debtor is seeking to have the Plan confirmed pursuant to §1191(b).

6.  <u>Proper Classification.</u> 11 U.S.C. §§1122, 1123(a)(1). The Plan designates the following nine classes of claims and interests:

    Class 1 (GFE NY, LLC) – Impaired

    Class 2 (Apex Funding Source, LLC) – Impaired

    Class 3 (Clover Commercial Corp.) – Unimpaired

    Class 4 (Toyota Financial Motor Credit Corp.) – Unimpaired

    Class 5 (Forever Funding, LLC) – Impaired

    Class 6 (CT Corporation Systems) – Impaired

    Class 7 (Corporation Service Company) – Impaired

    Class 8 (General Unsecured Creditors) - Impaired

    Class 9 (Manuel Botero – Equity Interest) – N/A

7.  I am familiar with the classification of claims and interests in the Plan and believe that such classification is based upon the legal nature and relative rights of the claims and interests and is not proposed for any improper purpose. Each class contains only claims or interests that

are substantially similar to other claims and interests therein. Additionally, Article 2.1 of the Plan designates, but does not classify, administrative claims and priority tax claims described in sections 507(a)(2) and 507(a)(8) of the Bankruptcy Code.

8.  <u>Special Treatment of Unimpaired Claims.</u>  11 U.S.C §1123(a)(2).  Article 2.2 of the Plan specifies whether a class of claims or interests is Impaired or Unimpaired under the Plan.

9.  <u>Specified Treatment of Impaired Claims.</u>  11 U.S.C. §1123(a)(3).  Article 2.2 of the Plan sets forth the treatment of each Impaired class of claims and interests.

10.  <u>No Discrimination.</u>  11 U.S.C. §1123(a)(4).  Article 2.2 of the Plan provides that the treatment of each claim or interest in each particular class is the same as the treatment of any other claim or interest in such class.

11.  <u>Implementation of the Plan.</u>  11 U.S.C. §1123(a)(5).  Article 2.5 of the Plan provides an adequate means for implementation of the Plan.

12.  <u>Non-Voting Equity Security.</u>  11 U.S.C. §1123(a)(6).  The sole member of the Debtor will retain his interest in the Debtor as they did prior to commencement of this case. Thus, the Debtor will not issue any non-voting equity securities.

13.  <u>Selection of Existing Corporate Officers and Directors.</u>  11 U.S.C. §1123(a)(7). As the managing member of the Debtor, I will continue to serve as an officer of the Debtor, which I believe is in the best interest of creditors and the Debtor's bankruptcy estate.

14.  <u>Post-Petition Earnings.</u> 11 U.S.C. §1123(a)(8). This is not an individual debtor case; thus it is unnecessary to provide for the payment to creditors under the Plan of all or such portion of earnings from personal services performed by the Debtor after the commencement of the case or other future income of the Debtor as is necessary for the execution of the Plan.

15.  <u>Impairment of Classes</u>. 11 U.S.C. §1123(b)(1).  Article 2.2 of the Plan impairs or leaves unimpaired each class of claims or interests under the Plan.

16. <u>Treatment of Executory Contracts and Unexpired Leases</u>.  Article 2.4 of the Plan provides for the assumption of all leases or executory contracts not previously assumed or the subject of a motion to assume and assign pending on the Confirmation Date of the Plan (the "Confirmation Date").

17. <u>Retention, Enforcement and Settlement of Claims of the Debtor</u>.  11 U.S.C. §1123(b)(3). Article 6.4 of the Plan provides for the retention, enforcement and settlement of any cause of action belonging to the Debtor or the estate, including avoidance actions.

18. <u>Sale of Property.</u>  11 U.S.C. §1123(b)(4). The Plan does not contemplate the sale of any real or personal property of the Debtor.

19. <u>Debtor's Compliance with the Bankruptcy Code.</u>  11 U.S.C. §1129(a)(2).  To the best of my knowledge, the Debtor has complied with the Bankruptcy Code and with the Court's Order Setting Deadlines and Scheduling Confirmation Hearing, including soliciting the acceptances of the Plan.

20. <u>Plan Proposed in Good faith.</u>  The Debtor has proposed the Plan in good faith and not by any means forbidden by law.  Further, the Debtor has acted in good faith in any and all negotiations and the formulation of the Plan.

21. <u>Payments for Services or Costs and Expenses</u>. 11 U.S.C. §1129(a)(4).  Payments made or to be made by the Debtor for services for costs and expenses in connection with this case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of the Bankruptcy Court in accordance with the procedures set forth in the Plan and the local Rules of the Bankruptcy Court.

22. <u>Directors, Officers and Insiders.</u>  11 U.S.C. §1129(a)(5).  As the managing member of the Debtor, I will continue to serve as an officer of the Debtor which I believe is in the best interest of creditors and the Debtor's bankruptcy estate.

23.   No Rate Changes.  11 U.S.C. §1129(a)(6). There are no changes to rates that are established by, approved by or otherwise subject to, any governmental regulatory commission. Section 1129(a)(6). Of the Bankruptcy Code is therefore inapplicable.

24.   Best Interests of Creditors Test. 11 U.S.C 1129(a)(7). As set forth in the liquidation analysis illustrated in the Plan, each holder of a claim or interest in this case will receive or retain under the Plan on account of such claim or interest property of a value, as of the Plan Effective Date (the "Effective Date")[1], that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. The Best Interests of creditors is, therefore, served by confirmation and consummation of the Plan.

25.   Acceptance of Plan By Each Impaired Class. 11 U.S.C. §1129(a)(8). Classes Two through Eights are Impaired Classes and are therefore entitled to vote accept or reject the Plan. As set forth in the Certification of Balloting filed on March 16, 2023 (Docket Entry No. 40), none of the Impaired Classes have not voted in favor or against the Plan. As such, the Impaired Classes have not accepted the Plan in the requisite number of votes and required dollar amount which would constitute acceptance of the Plan.

26.   Treatment of Administrative and Priority Tax Claims. 11 U.S.C. §1129(a)(9). Except as set forth in the Plan, or to the extent that the holder of a particular allowed claim has agreed to a different treatment of such claim, the Plan provides that allowed Administrative Expense Claims and Allowed Priority Tax Claims will be treated in accordance with Section 1129(a)(9) of the Bankruptcy Code.

27.   Impaired Class Approval.  11 U.S.C. §1129(a)(10). Classes Two through Eights are Impaired Classes and are therefore entitled to vote accept or reject the Plan. As set forth in the

---

[1] D.N.J. LBR 3020-1. The effective date of a chapter 11 plan is 30 days after entry of the order confirming the plan unless the plan or confirmation order provides otherwise.

Certification of Balloting filed on March 16, 2023 (Docket Entry No. 40), none of the Impaired Classes have not voted in favor or against the Plan. As such, the Impaired Classes have not accepted the Plan in the requisite number of votes and required dollar amount which would constitute acceptance of the Plan.

28. <u>Feasibility.</u> 11 U.S.C. §1129(a)(11). As set forth in the Plan, including the cash flow projection annexed as <u>Exhibit "C"</u> to the Plan, the Debtor will be able to make payments to creditors in accordance with the Plan. Furthermore, the Debtor will have enough cash on hand on the Effective Date to pay all the claims and expenses that are entitled to be paid on the Effective Date or have made an agreement to make payments at a later time. Therefore, confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization.

29. <u>Payment of Fees.</u>  11 U.S.C. §1129(a)(12). The Plan provides that all fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid in cash on the Effective Date or as otherwise scheduled.

30. <u>Continuation of Retiree Benefits.</u> 11 U.S.C. §1129(a)(13). Prior to the petition date, the Debtor had no "retiree benefits" as such term is defined by section 1114(a) of the Bankruptcy Code. As a result, section 1129 (a)(13) of the Bankruptcy Code is therefore not applicable.

31. <u>Domestic Support Obligations</u>.  11 U.S.C. §1129(a)(14).  The Debtor is not an individual. Accordingly, Section 1129(a)(14) of the Bankruptcy Code is therefore inapplicable.

32. <u>Distribution of Projected Disposable Income.</u>  11 U.S.C. §1129(a)(15). The Debtor is not an individual. Therefore, 11 U.S.C. §1129(a)(15) is inapplicable.

33. <u>Transfer of Property.</u>  11 U.S.C. §1129(a)(16). All transfers of property have been made and/or shall be made in accordance with applicable non-bankruptcy law.

34. <u>Principal Purpose of the Plan.</u>  11 U.S.C. §1129(d). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the securities Act of 1933.

35. Based upon the foregoing, the Plan satisfies all requirements of Section 1129, with the exception of 1129(a)(8), of the Bankruptcy Code and should be confirmed in accordance Section 1191(b).

I declare under penalties of perjury that the foregoing statements made by me are true and correct

Dated: March 15, 2023                                           */s/ Manuel Botero*
                                                                Manuel Botero